IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH JONES, | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. _____ |
| vs. | § | |
| | § | |
| GC SERVICES, LP | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** Kenneth Jones, hereinafter referred to as Plaintiff complaining against GC Services, LP hereinafter referred to as Defendant and for cause of action would respectfully show unto the Court as follows:

### NATURE OF THE ACTION AND JURISDICTION

1.      This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA and to have an Order or injunction issued by this Court preventing

Defendant from continuing its behavior in violation of the FDCPA. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 and venue is proper before this Court as Plaintiff and/or Defendant reside in this District and/or the complained of actions occurred in this District. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

2. Plaintiff, Kenneth Jones, is a natural person.

3. Defendant, GC Services, is a domestic corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## **FIRST COUNT**

4. At various and multiple times prior to the filing of the instant complaint, including within the one hundred and fifty days preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a. Engaging in conduct which harasses, oppresses, and/or abuses Plaintiff, including but not limited to causing the telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass (§1692(d));

b.   Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to threatening to take action that cannot legally be taken and/or that is not intended to be taken (i.e.. threatening to garnish Plaintiff's wages and take his house) (§1692(e)); and

c.   Placing telephone calls without disclosing creditor's identity (§1692 d(6));

d.   Failing to validate the debt at the time of initial contact and/or in writing within five days thereafter (§1692 g);

e.   Failing to disclose in the initial communication that the communication is an attempt to collect a debt (§1692 g);

f.   Failing to disclose in the initial communication the alleged debtor has thirty days to dispute the debt; (§1692 g(a)(3));

g.   Making false and misleading representations regarding the character and status of the debt; (§1692 e(2));

h.   Threatening to take legal action that cannot be taken;   (§1692 e(5)); Failing to make meaningful disclosure of the caller's identity during each call.  (§1692 d(6)).

i..   As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish

and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND COUNT
## VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT

5.   Plaintiff reincorporates by reference herein all prior paragraphs above.

6.   Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

   a.   Threatening that the nonpayment of a consumer debt will result in the seizure, repossession, or sale of Plaintiff's property without the proper court proceedings in violation of Tex. Fin. Code §392.301(7);

   b.   Threatening to take action prohibited by law in violation of Tex. Fin. Code §392.301(8);

   c.    Causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number in violation of Tex. Fin. Code §392.302(4);

   d.   Placing telephone calls without disclosing the name of the individual making the call and with the intent to annoy, harass, or threaten Plaintiff in violation of Tex. Fin. Code §3920302(2);

  e. Misrepresenting the character, extent, or amount of the consumer debt in violation of Tex. Fin. Code §392.304(8);

  f. Failing to disclose in the initial communication between the Plaintiff and the Defendant that the communication is an attempt to collect a debt in violation of Tex. Fin. Code §392.304(5)(A);

  g. Using false or deceptive means to collect the purported debt or obtain information about the Plaintiff in violation of Tex. Fin. Code §392.301(19); and

  h. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

7. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages.

8. Defendant's aforementioned statutory violations also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

9. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, exemplary damages, statutory damages, and costs and attorney's fees.

## THIRD COUNT
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

10. Plaintiff reincorporates by reference herein all prior paragraphs above.

11. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

12. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

13. Defendant made numerous material misrepresentations in an attempt to collect the purported debt as detailed above.

14. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

15. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

16. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

17. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

18. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

19. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer herein and upon final hearing hereof, Plaintiff has judgment of and against Defendant as follows:

(a) a declaratory judgment be entered that Defendant's conduct violated the FDCPA;

(b) an award of actual damages;

(c)　an award of statutory damages pursuant to 15 U.S.C. § 1692k;

(d)　an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

(e)　a declaratory judgment be entered that Defendant's conduct violated the Texas deceptive Trade Practices Act;

(f)　an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(g)　seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(h)　such other and further relief as may be just and proper.

        Respectfully submitted,

        By: /s/Susan Landgraf
        Susan Landgraf
        Texas State Bar # 00784702
        SD Bar # 15824
        Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
4510 Bull Creek Road
Austin, TX 78731
Phone: (512) 436-0036 ext. 116
Facsimile: (866) 317-2674

## CERTIFICATE OF SERVICE

I certify that on December 18th, 2007, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

        /s/  Susan A. Landgraf
        SUSAN A. LANDGRAF